QUINTANA RACING PARK, INC., Plaintiff and Appellant, *v.* INSULAR RACING COMMISSION OF PUERTO RICO, Defendant and Appellee.

No. 5926.   Argued February 7, 1933.—Decided April 6, 1933.

*M. A. Martínez Dávila* for appellant.   *Diego O. Marrero* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In September, 1931, the corporation Quintana Racing Park, Inc., filed in the District Court of San Juan a petition for a writ of certiorari directed to the Insular Racing Commission, and alleged that said commission had imposed a fine of $200 on the corporation for violation of section 144 of the regulations of said commission, according to which the racing forms used in the ''pool'' at the race track should be held for 60 days; that an injunction to stay said decision was filed, and that the judgment rendered in the injunction proceeding has been appealed; that after the injunction had been refused by the district court, the Racing Commission issued another order directing the Quintana Racing Park, Inc., to pay the $200 fine within 48 hours, and warning it that failure to do so would result in the suspension of its license; that said commission has no judicial power to collect the fine that it imposed, and hence must institute a proceeding in the District Court of San Juan to recover the same; and that, in imposing said fine, the Insular Racing Commission acted as a court in trying a supposed violation of its regulations.   The court issued the writ of certiorari but later vacated the same at the instance of the Insular Racing Commission; and the corporation took the present appeal from that decision.

Two grounds urged by the appellant in support of its appeal are: First, that the lower court erred in declaring that the decision of the Racing Commission is not reviewable by certiorari; and, second, that it also erred in deciding that the commission had power to issue the order for payment.

The fundamental question is whether or not the order of the Racing Commission to pay the fine imposed by a previous decision is reviewable by certiorari directed to said commission.

The appellant admits that the Racing Act of 1927 together with its amendments of 1929, in force when the petition for the writ of certiorari was filed, expressly revoked the previous Act of 1925, which provided for a special remedy of certiorari to annul or review any legislative or administrative act of the Insular Racing Commission; but it maintains that it did not seek such special certiorari, but rather the general one provided by the Act of 1904 (Comp. Stat. 1911, sec. 1349), which authorizes a writ of certiorari issued by a superior court to an inferior court, since the decision sought to be reviewed was rendered by the Racing Commission in the exercise of quasi-judicial functions, in which case the said remedy lies.

The Act of 1904 only allows the issuance of a writ of certiorari by a superior to an inferior court to review the actions of the latter court, and the Insular Racing Commission not being a court of justice, the District Court of San Juan was not justified in issuing said writ against said commission; and it acted properly in vacating the writ that it had issued. In the case of *Texas Co.* v. *Workmen's Relief Commission,* 40 P.R.R. 456, where a general writ of certiorari was issued to review a decision of said commission alleged to have been acting quasi-judicially, this Court, after copying the definition of such a writ as found in the Act of 1904, said that it was evident that this writ applies only to review the actions of courts, and that although the inherent powers of the courts were invoked, when the Legislature has expressed itself as in the general certiorari Act, no justification is found thereunder for the review of actions of boards created by said Legislature; and it added that the courts of Puerto Rico are not common-law courts. Where there is a statute regulating the issuance of writs of certiorari, such writs may be issued only in compliance with the statutory provisions, and the rules of the common law are not applicable. Thus, in the case of *Degge* v. *Hitchcock,* 35 App. (D. C.) 218, it was declared that, as there was no statute regulating the procedure by cer-

tiorari in the District of Columbia, it was necessary to resort to the common law, under which the writ lies to inferior courts and to special tribunals exercising judicial or quasi-judicial functions. When the Legislature has sought to make the decisions of boards or commissions reviewable by the courts through a writ of certiorari, it has expressly said so. Moreover, the decision which was the object of the writ of certiorari in the instant case was not rendered by the Insular Racing Commission in the exercise of quasi-judicial functions, but rather in the exercise of administrative and executive functions in carrying out its previous decision. In fact, the decision that might be characterized as quasi-judicial is the previous one imposing the fine, and it was not the object of a writ of certiorari but of an injunction. On the other hand, the track's license has not been suspended, as the effect of said decision is only to notify that such action would be taken; and when the license is suspended an ordinary appeal lies against such suspension, according to section 12 of the Act of 1927, not amended by that of 1929.

In view of the conclusion that we have reached, it is unnecessary to consider the second ground of appeal.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila concur in the result.